1

2

3

4

5

6

7

8

9

10          **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13  JOHN LEE WILLIAMS,                           CASE NO. CV F 07-1386 LJO SMS

14                    Plaintiff,          _____**ORDER TO DISMISS**
                                          (Doc. 6.)
15  _____vs.
    _____
16  CITY OF FRESNO, FRESNO POLICE
    DEPARTMENT, et al.,
17
                  Defendants.
18  _____/

19                          **INTRODUCTION**

20          Plaintiff John Lee Williams ("plaintiff") is a state prisoner and proceeds pro se and in forma

21  pauperis in this 42 U.S.C. § 1983 action which was removed to this Court.  Plaintiff proceeds on a

22  California Judicial Council form first amended complaint ("first amended complaint") to name as

23  defendants the City of Fresno ("City"), Fresno Police Department and County of Fresno ("County").[1]

24  Although the City filed alternative F.R.Civ.P. 12(b)(6) and 12(e) motions, this Court exercises it

25  authority to screen the first amended complaint, DISMISSES claims against defendants, and GRANTS

26  plaintiff leave to amend certain claims.

27  _____

28       [1]      The City, Fresno Police Department and County will be referred to collectively as "defendants."

                                    1

**BACKGROUND**

Plaintiff appears to take issue with two post-parole arrests.  This Court summarizes the first amended complaint's factual allegations:

On December 5, 2005, J. Campos and B. Williams (who are apparently peace officers) stopped a vehicle in which plaintiff was a passenger.  Plaintiff advised of J. Campos and B. Williams of his parole status and was arrested for possession of paraphernalia after a search.  On February 16, 2006, charges were dismissed against him.  On February 19, 2006, "plaintiff was re-arrested on parole violation charges stemming directly from defendants B. Williams and J. Campos's [sic] arrest on 12-5-05."  In March and April 2006, plaintiff's parole was revoked for which he serves a one-year sentence.

The first amended complaint lists "violations of law" of false arrest and imprisonment, negligence, Fourth Amendment illegal search and seizure, Fourteenth Amendment denial of due process and equal protections [sic] of law, and mental anguish and emotional distress.  The first amended complaint alleges: "Defendants falsely arrested and imprisoned the plaintiff, which did deprive plaintiff of his right not to be illegally seized.  Further, plaintiff was denied equal protection of the law, life and liberty without due process."   The first amended complaint seeks compensatory and punitive damages, permanent restraining orders and declaratory judgment.

**DISCUSSION**

**Standards For Screening**

This Court is entitled to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1) and (2).  Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss

2

frivolous in forma pauperis action sua sponte prior to service of process on defendants).

When a plaintiff proceeds in forma pauperis, a Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2007) Attacking the Pleadings, para. 9:226.1, pp. 9-69.  A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-1228.  A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.  A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss a case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294

3

(9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

As further explained below, the first amended complaint demonstrates that plaintiff is entitled to offer no evidence for its vague, deficient claims.

**General Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)     Pleading to be Concise and Direct; Consistency.
>
> (1)     Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

The first amended complaint alleges no discernable causes of action against defendants.  In fact,

4

the first amended complaint does not clearly name or define defendants.  The first amended complaint's first page refers to the City, Fresno Police Department and County as defendants.  However, the first amended complaint appears to target J. Campos and B. Williams, presumably peace officers.  The first amended complaint lacks specific allegations of facts or wrongs to support claims against the named defendants, J. Campos or B. Williams.  The first amended complaint's specific claims and intended defendants are unclear.  The first amended complaint fails to give fair notice and state the elements of claims plainly and succinctly.

### Section 1983 Deficiencies

To the extent plaintiff attempts to allege constitutional violations, the complaint fails in that section 1983 provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.

To state a section 1983 claim, a plaintiff must plead that: (1) defendant acted under color of state law at the time the complained of act was committed; and (2) defendant deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986).  The first amended complaint fails to state colorable claims against  defendants.  The complaint fails to allege that defendants acted under color of state law.  The complaint points to no constitutional right of which defendants deprived plaintiff.

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152

5

F.3d 1193, 1194 (9th Cir. 1998).  The complaint fails to satisfy the linking requirement as to a defendant and to articulate how a defendant deprived plaintiff of constitutional rights and resulting harm.

More specifically, the first amended complaint fails to allege how plaintiffs' arrests and imprisonment were unlawful and facts to demonstrate unlawful arrest and imprisonment.  The first amended complaint lacks facts of denial of due process or equal protection of law.  "To state a claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren*, 152 F.3d at 1194.

In addition, the Fresno Police Department is an improperly named defendant.  The term "persons" under section 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities.  *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-996.  However, the term "persons" does not encompass municipal departments.  *Vance*, 928 F.Supp. at 996.  "Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." *Stump v. Gates*, 777 F.Supp. 808, 816 (D.Colo.1991).

### State Tort Claim Requirements

The first amended complaint appears to attempt to allege California tort claims of false arrest/imprisonment and negligence.  Such claims require compliance with what is commonly referred to as the California Tort Claims Act, Gov. Code, §§ 810, et. seq.

The California government claims statutes require timely filing of a proper claim as condition precedent to maintenance of an action.  Cal. Gov. Code, §§ 905, 911.2, 945.4 (presentment of a written claim to the applicable public entity is required before a "suit for money or damages may be brought against a public entity"); *County of San Luis Obispo v. Ranchita Cattle Co.*, 16 Cal.App.3d 383, 390, 94 Cal.Rptr. 73 (1971).  The claims procedures applicable to actions against public employees are the same for actions against public entities.  Cal. Gov. Code, §§ 950-950.6.  Compliance with the claims statutes is mandatory. *Farrell v. County of Placer*, 23 Cal.2d 624, 630, 145 P.2d 570 (1944).  Failure to file a claim is fatal to the cause of action.  *Johnson v. City of Oakland*, 188 Cal.App.2d 181, 183, 10 Cal.Rptr. 409 (1961). "[F]ailure to allege facts demonstrating or excusing compliance with the claim

6

1   presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause

2   of action."  *State v. Superior Court,* 32 Cal.4th 1234, 13 Cal.Rptr.3d 534, 538 (2004).

3       The first amended complaint alleges that on July 26, 2006, plaintiff filed a claim with the State

4   Board of Control which failed to respond to the claim to render it rejected.  Plaintiff attaches to his first

5   amended complaint a Government Claims Form, California Victim Compensation and Government

6   Claims Board ("state claims form"), received by the Victim Compensation and Government Claims

7   Board on July 26, 2006.  Plaintiff addressed the state claims form to the "Clerk of State Board of

8   Control."  As such, the first amended complaint fails to plead that plaintiff filed an appropriate claim

9   form with the City or County.

10      The California claims statutes are designed to protect governmental agencies from stale and

11  fraudulent claims, provide an opportunity for timely investigation and encourage settling meritorious

12  claims. *Johnson v. San Diego Unified School Dist.*, 217 Cal.App.3d 692, 697, 266 Cal.Rptr. 187 (1990).

13  Since the claims statutes should not be used as traps for the unwary when their underlying purposes have

14  been satisfied, courts employ a test of substantial compliance, rather than strict compliance, in

15  determining whether the plaintiff has met the filing requirements of the Tort Claims Act.  *Johnson*, 217

16  Cal.App.3d at 697, 266 Cal.Rptr. 187.   Nonetheless, the "doctrine of substantial compliance is not

17  applicable to a claim which is addressed to the wrong entity." *Johnson*, 217 Cal.App.3d at 697 (plaintiff

18  student did not substantially comply with Tort Claims Act requirements when she filed her claim with

19  the State Board of Control, not the San Diego Unified School District, the entity subject to plaintiff's

20  claims).

21      The State of California, with whom plaintiff filed his state claims form, is a different public

22  entity than either the City or County.  Plaintiff's service of his state claims form on the State Victim

23  Compensation Board and Government Claims Board does not equate to service on any of the defendants.

24  Plaintiff has failed establish substantial compliance with the Tort Claims Act filing requirements to bar

25  his tort claims against defendants.

26                                  **Negligence**

27      The first amended complaint's negligence claims are suspect in the absence of a statutory or

28  factual basis of defendants' negligence.

7

1   A public entity's potential liability for another's injury arises under the Tort Claims Act and has

2   two sources: (1) liability based on the public entity's own conduct and legal obligations; and (2) liability,

3   based on respondeat superior principles, for the misconduct of the public entity's employees that

4   occurred in the scope of their employment. *Zelig v. County of Los Angeles*, 27 Cal.App.4th 1112, 1128,

5   119 Cal.Rptr.2d 709, 722 (2002).  The Tort Claims Act draws a clear distinction between the liability

6   of a public entity based on its own conduct, and the liability arising from the conduct of a public

7   employee.  *Zelig*, 27 Cal.App.4th at 1128, 119 Cal.Rptr.2d at 722.  Although the Tort Claims Act

8   provides that a public employee generally is liable for an injury caused by his or her act or omission "to

9   the same extent as a private person" (Cal. Gov. Code, § 820(a)) and that, when the act or omission of

10  the public employee occurs in the scope of employment the public entity will be vicariously liable for

11  the injury (Cal. Gov. Code, § 815.2), the Tort Claims Act contains nothing similarly providing that a

12  public entity generally is liable for its own conduct or omission to the same extent as a private person

13  or entity.  *Zelig*, 27 Cal.App.4th at 1128, 119 Cal.Rptr.2d at 722.  Rather, the Tort Claims Act provides

14  that a public entity is not liable for an injury "[e]xcept as otherwise provided by statute . . ." Cal. Gov.

15  Code, § 815.  Certain statutes provide expressly for public entity liability in circumstances that are

16  somewhat parallel to the potential liability of private individuals and entities but the Tort Claims Act's

17  intent "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine

18  potential governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School*

19  *Dist.*, 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679 (1993); *see Michael J. v. Los Angeles County Dept. of*

20  *Adoptions*, 201 Cal. App.3d 859, 866, 247 Cal.Rptr. 504  (1988) ("Under the Act, governmental tort

21  liability must be based on statute; all common law or judicially declared forms of tort liability, except

22  as may be required by state or federal Constitution, were abolished.")

23  The first amended complaint appears to allege common law negligence for which defendants are

24  not liable.  In the absence of liability based on statute, plaintiff's negligence claims fail.

25  **Punitive Damages**

26  The first amended complaint seeks punitive damages against defendants.  Generally, punitive

27  damages are not allowed against a municipality unless expressly authorized by statute. *City of Newport*

28  *v. Fact Concerts, Inc.*, 453 U.S. 247, 259-260, 101 S.Ct. 2748 (1981) ("Judicial disinclination to award

8

punitive damages against a municipality has persisted to the present day in the vast majority of jurisdictions.") Under California Government Code section 818, a public entity, like defendants, is not subject to punitive damages.  As such, the first amended complaint's punitive damages claims fails.

### Declaratory Relief

The first amended complaint seeks "a declaratory judgement against defendants for violation of the laws."

28 U.S.C. § 2201(a) provides in pertinent part:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

A declaratory relief action requires a district court to consider two issues:

First, the court must inquire whether there is a case of actual controversy within its jurisdiction.  Jurisdiction to award declaratory relief exists only in a case of actual controversy. . . .

Second, if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction.  The statute gives discretion to courts in deciding whether to entertain declaratory judgments; it states that the court "*may* declare rights . . . of any interested party."  28 U.S.C. § 2201(a).

*American States Ins. Co. v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994).

### *Actual Controversy*

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941).  The United States Supreme Court has further explained:

A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from a opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240-241, 57 S.Ct. 461, 464 (1937) (citations omitted).

1    The first amended complaint fails to identify a substantial controversy between plaintiff and

2  defendants and asks for no definitive relief.  The first amended complaint appears to request no more

3  than a declaration that defendants violated the laws.  Such a declaration is moot in the absence of an

4  ongoing substantial controversy.  A case, or an issue in a case, is considered moot "if it has 'lost its

5  character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions

6  on abstract propositions of law. ' " *Lindquist v. Idaho State Board of Corrections*, 776 F.2d 851, 853-54

7  (9th Cir.1985) (quoting *Connolly v. Pension Benefit Guaranty Corp.*, 673 F.2d 1110, 1113 (9th

8  Cir.1982)).  A court is unable to take jurisdiction over a claim as to which no effective relief can be

9  granted, *United States v. Geophysical Corp.*, 732 F.2d 693, 698 (9th Cir.1984) (citing *Oregon*

10 *Environmental Council v. Kunzman*, 714 F.2d 901, 903 (9th Cir.1983)), because "federal courts are

11 without power to decide questions that cannot affect the rights of litigants in the case before them."

12 *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

13                                      ***Discretion***

14    As to a court's discretion to render declaratory relief, the United States Supreme Court has

15 observed:

16        Consistent with the nonobligatory nature of the remedy, a district court is authorized, in
          the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory
17        judgment before trial or after all arguments have drawn to a close.  In the declaratory
          judgment context, the normal principle that federal courts should adjudicate claims
18        within their jurisdiction yields to considerations of practicality and wise judicial
          administration.

19

20 *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995).

21    When considering whether to exercise its discretion, a district court "must balance concerns of

22 judicial administration, comity, and fairness to the litigants."  *Chamberlain v. Allstate Ins. Co.*, 931 F.2d

23 1361, 1367 (9th Cir. 1991).  No showing of "exceptional circumstances" is required for a district court

24 to abstain to hear a declaratory relief action.  *Wilton*, 515 U.S. at 286-289, 115 S.Ct. At 2142-2144.

25    The discretionary nature of declaratory relief provides further grounds to dismiss the first

26 amended complaint's declaratory relief request.

27                                       **Malice**

28    This Court is concerned that plaintiff has brought this action in absence of good faith and

                                           10

1   attempts to vex defendants.  Such attempt provides further grounds to dismiss plaintiff's first amend

2   complaint.

3                              **Attempt At Amendment**

4          Plaintiff is granted an opportunity to attempt to amend his first amended complaint to cure

5   deficiencies.  Plaintiff is further admonished that this Court's Local Rule 15-220 requires an amended

6   complaint to be complete in itself without reference to any prior pleading.  As a general rule, an amended

7   complaint supersedes prior complaints.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  After the

8   filing of an amended complaint, the prior pleadings serve no further function.  Thus, in an amended

9   complaint, each claim and involvement of each defendant must be sufficiently alleged.

10                          **CONCLUSION AND ORDER**

11         For the reasons discussed above, this Court:

12      1.     DISMISSES defendant City of Fresno, Fresno Police Department and County of Fresno;

13      2.     DISMISSES and STRIKES the first amended complaint's requests for punitive damages

14             against defendants City of Fresno, Fresno Police Department and County of Fresno;

15      3.     DISMISSES and STRIKES the first amended complaint's request for a declaratory

16             judgment; and

17      4.     ORDERS plaintiff, no later than October 31, 2007, to file a second amended complaint

18             which complies with the pleading requirements outlined above; and

19      5.     **Admonishes plaintiff that failure to file a second amended complaint in compliance**

20             **with this order will result in a recommendation to dismiss this action for failure to**

21             **obey a court order**.

22      IT IS SO ORDERED.

23   **Dated:    September 28, 2007**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                   11